JOHN W. MARSH, Adm'r of CAROLINE A. STURGES,

*v.*

CHARLES H. MORTON *et al.*

1. DEED OF TRUST — *whether notice of sale under several, should be consolidated.* Where a debt was secured by nine deeds of trust, which were alike except as to the amount of the note secured and the lot embraced in each deed, the court say they were not prepared to hold that it would have been proper to have consolidated the notices of the sale by the trustee, and *held* that it was not error, upon the dissolution of an injunction restraining the sale, to allow as damages the cost of printing nine notices of the sale.

2. SAME — *trustee's fees.* Where $50,000 was secured by nine different notes and trust deeds on different lots, it was *held* that $150 trustee's fees allowed as damages, upon dissolving an injunction restraining the sale, was not an unreasonable charge.

3. SAME — *cost of advertising sale after injunction.* Where a sale under a deed of trust is enjoined, the trustee will have no right to incur expense in advertising an adjournment of the sale in anticipation of the action of the court, and if he does, he will not be entitled to have the same allowed as damages, on the dissolution of the injunction.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

This was a bill in equity, filed by Caroline A. Sturges against Charles H. Morton, Henry C. Clement and George R. Clarke, to enjoin a sale under certain deeds of trust, given to secure the payment of nine promissory notes executed by the complainant to H. H. Honore, amounting in the aggregate to the sum of $50,000. The complainant having died, this appeal is prosecuted in the name of her administrator. The other material facts of the case are shown in the opinion.

Messrs. MONROE, BISBEE & GIBBS, for the appellant.

Messrs. SLEEPER & WHITON, for the appellees.

Per CURIAM: This was a bill in equity, filed by Caroline A. Sturges, in the Superior Court of Cook county, against appellees, Charles H. Morton, Henry C. Clement and George R. Clarke, to enjoin a sale of certain lands in Chicago, under a deed of trust.

Upon the filing of an answer, the court, on motion, dissolved the injunction. The bill was dismissed, and damages assessed against appellant at the sum of $865.

Under the deed of trust, the holder of the debt had the right, upon failure of appellant to pay interest when due, to declare the principal debt due and payable. This right was exercised by appellees, and the bill was filed to enjoin the sale,

on the ground that the principal debt was not due. That point has, however, been abandoned by appellant. He concedes that appellees had the right to declare the debt due, and advertise the land for sale on a failure to pay the interest, and it will not be necessary to discuss that point.

The only question relied upon by appellant to secure a reversal is in regard to the decision of the court in assessing damages on the dissolution of the injunction.

The court assessed the damages at $865, which amount is composed of three items, viz., $150 for trustee's fees, $300 attorney and counsel fees, $415 printer's fees for publication of the notices of sale.

The debt was secured by nine trust deeds; one advertisement was inserted in the paper for each deed. The notices thus published occupied nearly three columns of a daily paper. It is said the nine notices ought to have been consolidated into one. While it is true, the trust deeds were alike except as to the amount of the note secured, and the number of the lot embraced in the deed, yet we are not prepared to say it would have been proper to consolidate the notices.

In a sale of this character, it is always desirable that no irregularity should occur, and it was important that the land should be advertised for sale in such a manner that there could be no reasonable ground of objection to the notice. The trustee pursued the course, no doubt, which was thought to be best, and which would be safe; the expense was incurred by the trustee in good faith, and it has been paid by appellees, and we cannot say the court erred in allowing the amount.

As to the amount allowed for trustee's fees, under all the circumstances, it cannot be regarded as excessive. The amount of the debt was very large, and the responsibility great; nine notices had to be prepared, and the utmost care and close attention to the business was required.

The court refused to allow $425.25, which was paid for continuing the notice of sale in the paper after the injunction was

served, and upon this decision appellees have assigned cross errors.

The trustee, after the injunction was served upon him, adjourned the sale ten days, and continued the notices of sale in the paper during that time, under the expectation that a motion to dissolve the injunction could be heard within that time.

When the injunction was served upon the trustee, it was his duty to proceed no further in regard to the sale until the injunction should be dissolved; he had no right to anticipate the action of the court, and if he did so, and expense was incurred, appellant should not be charged with it.

No error appearing in the record, the decree of the court below will be affirmed.

*Decree affirmed.*